NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MITCHELL D. YASUK,<br><br>    Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL<br>OF THE STATE OF NEW JERSEY, et al.,<br><br>    Respondents. | Civ. No. 18-10165 (PGS)<br><br>MEMORANDUM |

**PETER G. SHERIDAN, U.S.D.J.**

This matter comes before the Court on Respondents' motion to dismiss Mitchell D. Yasuk's amended petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, as time-barred. (ECF No. 13). Petitioner opposes the motion. (ECF No. 14). For the following reasons, the motion is denied, and Respondents shall answer the amended petition within 45 days of this memorandum and order.

**I.**

Petitioner is presently confined in the Special Treatment Unit in Avenel, New Jersey. He pled guilty on July 21, 2009 to one count of third-degree attempting to endanger the welfare of a child, N.J.S.A. 2C:5-1; and one count of second-degree attempting to lure or entice a minor into a motor vehicle, N.J.S.A. 2C:13-6. (ECF No. 13-1 at 1). He was sentenced on March 25, 2010 to six years of incarceration with five years of parole ineligibility. (*Id.*). The sentencing court also sentenced Petitioner to parole supervision for life pursuant to Megan's Law. (*Id.*). It found Petitioner's conduct to be "compulsive and repetitive in nature." (*Id.*). "Defendant served his

sentence at Avenel and was released on September 13, 2013, but was then civilly committed to the Special Treatment Unit under the Sexually Violent Predator Act. The Defendant remains in that unit." (ECF No. 13-3 at 1). Petitioner did not file a direct appeal. (ECF No. 4 ¶ 8).

Petitioner filed a motion for post-conviction relief ("PCR") on August 7, 2013. (ECF No. 4 ¶ 11(a)). It was denied on December 21, 2015 after an evidentiary hearing. (ECF No. 13-3 at 7). Petitioner appealed to the New Jersey Superior Court, Appellate Division on April 21, 2016. (ECF No. 13-4 at 2). The Appellate Division granted the request to file the appeal as within time on May 3, 2016. (*Id.* at 6). Petitioner's appeal was denied on October 13, 2017. *State v. Yasuk*, No. A-3438-15, 2017 WL 4558262 (N.J. Super. Ct. App. Div. Oct. 13, 2017) (per curiam); (ECF No. 13-5). The New Jersey Supreme Court denied certification on March 23, 2018. *State v. Yasuk*, 181 A.3d 253 (N.J. 2018); (ECF No. 13-6 at 3).

Petitioner filed this § 2254 petition on June 4, 2018. (ECF No. 1). On August 7, 2018, the Court issued a notice and order under *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), informing Petitioner of his rights and the consequences of filing a petition under § 2254. (ECF No. 2). Petitioner indicated that he wished to withdraw his current petition and file a new one in its place. (ECF No. 3). Petitioner filed his amended petition on September 4, 2018. (ECF No. 4). The Court thereafter reviewed the amended petition and summarily dismissed Ground Three because it alleged that Petitioner's Sixth and Fourteenth Amendment Rights were violated by the PCR court when it prohibited certain witnesses from testifying. (ECF No. 8). *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) ("[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding

does not enter into the habeas calculation." (emphasis in original)). Respondents were ordered to answer Grounds One and Two. (ECF No. 8).

Respondents subsequently filed the instant motion to dismiss, arguing that the petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 13). Petitioner opposes the motion. (ECF No. 14).[1] The matter is now ripe for decision without oral argument. Fed. R. Civ. P. 78(b).

## II.

AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the

---

[1] Petitioner also filed a request for an extension of time to respond to the motion to dismiss. (ECF No. 15). The Court received this request after it received Petitioner's opposition papers. (ECF No. 14). In any event, the Court will consider Petitioner's opposition papers to be timely filed.

3

one-year statute of limitations. 28 U.S.C. § 2244(d)(2). "In determining whether a petition is 'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'" *Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004) (quoting *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001)).

### III.

Respondents argue that the petition is untimely because Petitioner's one-year limitations period expired before Petitioner filed this § 2254 petition on June 4, 2018. To determine whether the petition is untimely, the Court must first determine when a timely habeas petition was due in federal court.

Respondents use the conclusion of direct review as the beginning of AEDPA's statute of limitations for the entire petition. However, the Third Circuit has held that "the statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004). Petitioner argues in Ground Two that he was unaware civil commitment was a possible consequence of his guilty plea. (ECF No. 4 at 7). Thus, he would not have known he had a claim based on trial counsel's alleged failure to warn him of that consequence until civil commitment was imminent. Petitioner does not indicate when he became aware that he would be civilly committed, but the PCR court's opinion indicates he was released from his custodial sentence on September 13, 2013. (ECF No. 13-3 at 1). The Court will therefore use that date. Petitioner then had a year from September 13, 2013 to file his federal habeas claim regarding his commitment under § 2244(d)(1)(D). Petitioner filed his PCR petition on August 7, 2013, so the time was tolled until the New Jersey Supreme Court denied certification. Petitioner timely filed his § 2254 on this issue under § 2244(d)(1)(D).

4

The conclusion of direct review would be the later date for Petitioner's claim based on trial counsel's alleged failure to investigate. "The text of § 2244(d)(1)(A), which marks finality as of 'the conclusion of direct review or the expiration of the time for seeking such review,' consists of two prongs. Each prong . . . relates to a distinct category of petitioners." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (quoting 28 U.S.C. § 2244(d)(1)(A)). Petitioner did not file a direct appeal. "[B]ecause [Petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired." *Id.* Petitioner had forty-five days from March 25, 2010 to appeal to the Appellate Division. N.J. Ct. R. 2:4-1(a). Because May 9, 2010 was a Sunday, Petitioner had until May 10, 2010. Fed. R. Civ. P. 6(a)(1)(c); N.J. Ct. R. 1:3-1. Petitioner then had twenty days to appeal to the New Jersey Supreme Court, N.J. Ct. R. 2:12-3(a), or until June 1, 2010, because May 30, 2010 was a Sunday and May 31, 2010 was Memorial Day. The Court must also include the ninety-day period for petitioning the United States Supreme Court for certiorari. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). Ninety days after June 1, 2010 was August 30, 2010. Therefore, Petitioner's conviction became final for purposes of § 2244 on August 30, 2010. A timely § 2254 would have been due in federal court by August 30, 2011.

"A prisoner's 'properly filed' application for state collateral review statutorily tolls AEDPA's limitation period during the time it is 'pending.'" *Id.* at 85 (quoting 28 U.S.C. § 2244(d)(2)). Here, Petitioner's PCR petition did not statutorily toll the AEDPA limitations period because it was filed after the limitations period had already expired. Petitioner filed his PCR petition on August 7, 2013, nearly two years after the AEDPA limitations period expired on August 30, 2011. The Court must therefore dismiss Ground One as untimely unless there is a

basis for the application of equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding AEDPA's statute of limitations is subject to equitable tolling in appropriate cases).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, ... *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Ross v. Varano*, 712 F.3d 784, 802-03 (3d Cir. 2013) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011)) (emphasis in original).

Petitioner argues he should be given the benefit of equitable tolling because his trial counsel told him he had waived his right to appeal. (ECF No. 14 at 2). In support of his argument, he has submitted a report from Joan D. Van Pelt, Esq., opining that Petitioner's trial counsel rendered ineffective assistance of counsel at trial. (ECF No. 14 at 12-23). Respondent did not respond to Petitioner's equitable tolling arguments by submitting evidence or arguments contradicting Petitioner's assertions.

The Court concludes that the totality of the circumstances as set forth in the record before the Court supports the application of equitable tolling. First, the record indicates that Petitioner has been diligently pursuing his rights in the state courts. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence." *Ross*, 712 F.3d at 799. Petitioner states that he filed his PCR petition with the state courts within two months of finding out that his attorney had misled him as to his ability to contest his conviction and sentence. (ECF No. 14 at 2). This is a reasonable amount of time under the circumstances.

After his PCR petition was denied, he requested his attorneys file an appeal within the required timeframe. (ECF No. 13-4 at 4 ("This office records show a timely submitted appeals transmittal package dated January 9, 2016, which includes a timely request for appeal signed by defendant.")). At most, Petitioner's time ran for 241 days if the Court tolls the time prior to August 7, 2013.[2] This is a showing of reasonable diligence.

The record before the Court also supports a finding of extraordinary circumstances. "One potentially extraordinary circumstance is where a prisoner is 'effectively abandoned' by his attorney.'" *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 651 (2010)). The Second Circuit found that extraordinary circumstances applied when an attorney "violated a basic duty of an attorney to his client" by failing to file a motion under 28 U.S.C. § 2255 when "specifically directed by his client's representatives . . . ." *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003). Petitioner states, and the Court accepts as true for purpose of the motion as Respondent has presented no contradicting facts, that his trial counsel affirmatively told him he had waived his right to appeal his conviction and sentence. Petitioner has presented supporting evidence, which was also presented to the PCR court, that his trial counsel rendered ineffective assistance in the plea bargaining phase.[3] "The totality of these circumstances makes it clear that [Petitioner] satisfied the second prong of the showing required to justify equitable tolling of the running of

---

[2] Petitioner's PCR petition was denied on December 21, 2015, and the 45-day period to file a timely appeal is tolled. *Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 123 (3d Cir. 2017). The clock began to run on February 5, 2016 and ran for 76 days until Petitioner filed his motion to file an out of time appeal. *Id.* at 124 (noting that only "the time between the request to consider the [appeal] as within time and the decision to accept the [appeal] as within time" is tolled under § 2244(d)(2)). Time was tolled until the New Jersey Supreme Court denied certification on March 23, 2018. Petitioner filed his § 2254 petition 73 days later on June 4, 2018, and his amended petition 165 days later on September 4, 2018. 76 + 165 = 241.

[3] The Court makes no determination at this time whether there was in fact ineffective assistance.

7

the habeas corpus statute of limitations, *i.e.*, that extraordinary circumstances stood in the way of [Petitioner] filing his direct appeal" in the state courts. *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). "Further, the nexus test is met because the extraordinary circumstances that [Petitioner] faced directly prevented him from timely pursuing his state court remedies and filing a statutorily timely habeas petition." *Id.* at 804.

The Court finds that it is in the interests of justice to toll the time prior to August 7, 2013. Respondents' motion to dismiss the petition as time-barred is therefore denied.

## IV.

For the reasons stated above, the motion to dismiss is denied. Respondents shall file an answer to the amended petition as set forth in this Court's prior Order within 45 days of this memorandum and order.

An appropriate order follows.

DATED: Aug 8, 2019

PETER G. SHERIDAN
United States District Judge