UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MITCHELL D. YASUK,

    Petitioner,

v.

MERRILL MAIN, PHD., et al.,

    Respondents.

Civ. No. 18-10165 (PGS)

**OPINION**

**PETER G. SHERIDAN, U.S.D.J.**

## I. INTRODUCTION

Petitioner Mitchell D. Yasuk ("Petitioner" or "Yasuk") is proceeding with an amended habeas petition filed pursuant to 28 U.S.C. § 2254. For the following reasons, the amended habeas petition is denied and a certificate of appealability shall not issue.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background of Petitioner's underlying criminal proceedings and conviction were set forth by the New Jersey Superior Court, Appellate Division in Petitioner's appeal of his post-conviction relief ("PCR") petition. That court stated as follows:

> In January 2009, defendant was indicted and charged with two crimes: second-degree luring, N.J.S.A. 2C:13–6, and fourth-degree lewdness, N.J.S.A. 2C:14–4(b)(1). The charges against defendant arose out of reports by several witnesses that defendant had lured and attempted to lure a child into his apartment and then exposed his penis to the child. Defendant had previously been convicted of two counts of fourth-degree endangering the welfare of a child, N.J.S.A. 2C:24–4(a).
>
> When arrested in 2008, he was living in an apartment that was part of a three family home. Tenants in the other apartments reported that on several occasions defendant attempted to lure their children into his apartment when he was naked or when his penis was exposed.

> In July 2009, defendant pled guilty to second-degree luring, N.J.S.A. 2C:13–6, and third-degree attempting to endanger the welfare of a child, N.J.S.A. 2C:5–1 and 2C:24–4(a). In pleading guilty, defendant testified that in July 2008, he brought a puppy into his apartment to purposefully lure a child into his apartment so that he could expose his private parts to the child to arouse his own sexual desire. Defendant also admitted that the child had followed him into the apartment, defendant was naked, and defendant's purpose was to attempt to endanger the morals of the child.
>
> At the time of his guilty plea, defendant signed two supplemental plea forms concerning additional questions for certain sex offenders. Those forms expressly informed defendant that, given the crimes to which he was pleading guilty, he could be subject to civil commitment following the completion of his sentence. Those forms were then reviewed with defendant during his plea.
>
> Consistent with the negotiated plea agreement, on the conviction for luring defendant was sentenced to six years in prison with five years of parole ineligibility. On the conviction for attempting to endanger the welfare of a child, he was sentenced to a concurrent term of five years in prison. In accordance with Megan's Law, N.J.S.A. 2C:7–1 to –11, defendant was also sentenced to parole supervision for life.

*State v. Yasuk*, No. A-3438-15T3, 2017 WL 4558262, at *1 (N.J. Super. Ct. App. Div. Oct. 13, 2017).

Petitioner did not file a direct appeal. However, he subsequently filed a PCR petition. Among the claims Petitioner raised in his PCR petition are the two claims remaining in this federal amended habeas petition[1]; namely:

1. Ineffective assistance of counsel for failing to investigate two alibi witnesses
2. Failing to be fully informed of all the consequences of his guilty plea

The New Jersey Superior Court, Law Division conducted an evidentiary hearing on Petitioner's PCR petition. (*See* ECF 19-6). Both Petitioner and his former counsel during his criminal

---

[1] This Court previously dismissed Ground Three of Petitioner's amended habeas petition. (*See* ECF 8).

2

proceedings, Philip. P. Pagano, Esq., testified at that hearing. (*See id.*). Ultimately, the Superior Court denied Petitioner's PCR petition in a written opinion and order. (*See* ECF 19-13). The Appellate Division affirmed that denial. (*See* ECF 19-14). The New Jersey Supreme Court then denied Petitioner's request for certification. (*See* ECF 19-15).

In June, 2018, Petitioner filed his original habeas petition in this Court. (*See* ECF 1). That was followed by an amended habeas petition filed in September, 2018. (*See* ECF 4). As noted *supra*, Petitioner has two claims remaining in his habeas petition outlined above.

Respondents then sought to dismiss the amended habeas petition as untimely. (*See* ECF 13). This Court denied that motion in August, 2019. (*See* ECF 16 & 17). Subsequently, Respondents filed a response in opposition to the amended habeas petition. (*See* ECF 19). Petitioner then filed a reply in support of his amended habeas petition. (*See* ECF 28).

Petitioner proceeded *pro se* during the briefing process in this case. However, after he filed his *pro se* reply, counsel entered a notice of appearance on Petitioner's behalf. (*See* ECF 29). The matter is now ripe for adjudication.

### III. LEGAL STANDARD

An application for writ of habeas corpus by a person in custody under judgment of a state court can only be granted for violations of the Constitution or laws or treaties of the United States. *See Engle v. Isaac*, 456 U.S. 107, 119 (1982); *see also*, *Mason v. Myers*, 208 F.3d 414, 415 n.1 (3d Cir. 2000) (citing 28 U.S.C. § 2254). Petitioner filed this petition for writ of habeas corpus after April 24, 1996, thus, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214 (Apr. 24, 1996), applies. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Under AEDPA, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d).

As a threshold matter, a court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003) (quoting 28 U.S.C. § 2254(d)(1)). "'[C]learly established federal law' under § 2254(d)(1) is the governing legal principle set forth by the Supreme Court at the time the state court renders its decision." *Id.* (citations omitted). A federal habeas court making an unreasonable application inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *See Williams v. Taylor*, 529 U.S. 362, 409 (2000). Thus, "a federal court may not issue a writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

The AEDPA standard under § 2254(d) is a "difficult" test to meet and is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The petitioner carries the burden of proof and with respect to review under § 2254(d)(1), that review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* In applying AEDPA's standards, the relevant state court decision that is appropriate for federal habeas corpus review is the last reasoned state court decision. *See Bond v. Beard*, 539 F.3d 256, 289-90 (3d Cir. 2008).

## IV. DISCUSSION

A. Ground One

In Ground One, Petitioner asserts counsel was ineffective when he failed to investigate two alibi witnesses crucial to his defense; namely: (1) Michelle Spenser; and (2) Esther Cash. According to Petitioner, both witnesses would have testified that he was physically incapable of committing the crimes he was charged with. The last reasoned decision on this claim was from the New Jersey Superior Court, Appellate Division during Petitioner's PCR proceedings. That court analyzed this claim as follows:

> To establish a claim of ineffective assistance of counsel, a defendant must show that counsel rendered inadequate representation and that the deficient performance caused defendant prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed. 2d 674, 693 (1984); State v. Fritz, 105 N.J. 42, 52 (1987). In that regard, a defendant seeking to set aside a guilty plea must demonstrate that counsel's assistance was not "within the range of competence demanded of attorneys in criminal cases," and "that there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial." See State v. DiFrisco, 137 N.J. 434, 457 (1994) (quoting Tollett v. Henderson, 411 U.S. 258, 266, 93 S. Ct. 1602, 1608, 36 L.Ed. 2d 235, 243 (1973), and Hill v. Lockhart, 474 U.S. 52, 60, 106 S. Ct. 366, 370, 88 L.Ed. 2d 203, 210 (1985)).
>
> . . . .
>
> In support of his claim that his trial counsel failed to investigate the case, defendant submitted affidavits from two witnesses. As already summarized, those witnesses claim that they had spoken to defendant about a rental dispute with the parents of the child who was the subject of the luring. The PCR court correctly found that such testimony would have been inadmissible hearsay. N.J.R.E. 801(c). The witnesses also proposed to testify about defendant's weak physical condition. The PCR judge found that trial counsel was well aware of defendant's limited physical condition and considered that fact in connection with discussing the guilty plea with defendant. That finding is supported by substantial credible evidence in the record and we find no basis to disagree with that finding.

5

*State v. Yasuk*, No. A-3438-15T3, 2017 WL 4558262, at *3 (N.J. Super. Ct. App. Div. Oct. 13, 2017).

The Sixth Amendment guarantees effective assistance of counsel. In *Strickland v. Washington,* 466 U.S. 668 (1984), the Supreme Court articulated the two-prong test for demonstrating when counsel is deemed ineffective. First, the petitioner must show that considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. *See id.* at 688; *see also Grant v. Lockett*, 709 F.3d 224, 232 (3d Cir. 2013) (noting that it is necessary to analyze an ineffectiveness claim considering all circumstances) (citation omitted). A petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. *See Strickland*, 466 U.S. at 690. Under this first prong of the *Strickland* test, scrutiny of counsel's conduct must be "highly deferential." *See id.* at 689. Indeed, "[c]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. The reviewing court must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. If counsel makes "a thorough investigation of law and facts" about his plausible options, the strategic choices he makes accordingly are "virtually unchallengeable." *Gov't of Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1432 (3d Cir. 2006) (citing *Strickland*, 466 U.S. at 690-91). If, on the other hand, counsel pursues a certain strategy after a less than complete investigation, his choices are considered reasonable "to the extent that reasonable professional judgments support the limitations on investigation." *Rolan v. Vaughn*, 445 F.3d 671, 682 (3d Cir. 2006) (citing *Strickland*, 466 U.S. at 690-91).

The second prong of the *Strickland* test requires the petitioner to affirmatively prove prejudice. *See* 466 U.S at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*; *see also McBridge v. Superintendent, SCI Houtzdale*, 687 F.3d 92, 102 n.11 (3d Cir. 2012). "This does not require that counsel's actions more likely than not altered the outcome, but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters only in the rarest case. The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011) (internal quotation marks and citations omitted). "In the context of pleas a [petitioner] must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (citations omitted). "[W]hen evaluating the petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea, [the petitioner is required] to show that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Id.* (citations omitted).

In claiming that counsel was ineffective for failing to investigate, a petitioner must make a comprehensive showing as to what the investigation would have produced, that the evidence would have been admissible, and how it would have changed the outcome of his proceeding to a reasonable probability. *See, e.g., Brown v. United States*, No. 13-2552, 2016 WL 1732377, at *5 (D.N.J. May 2, 2016) (citing *United States v. Askew*, 88 F.3d 1065, 1073 (D.C. Cir. 1996)) (other citations omitted).

"With respect to the sequence of the two prongs, the *Strickland* Court held that 'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed.'" *Rainey v. Varner*, 603 F.3d 189, 201 (3d Cir. 2010) (quoting *Strickland*, 466 U.S. at 697).

The denial of this claim in state court was not contrary to or an unreasonable application of clearly established federal law. Indeed, the Appellate Division aptly noted and applied the proper *Strickland* test to this claim. For example, as indicated above, counsel is not deemed to be ineffective if the evidence would be inadmissible. Here, witnesses' statements regarding the rental dispute would have been inadmissible hearsay. Petitioner fails to show how he was prejudiced by this aspect of his failure to investigate claim.

Additionally, as also noted by the Appellate Division, Petitioner's counsel was well-aware of Petitioner's physical limitations. Indeed, at the PCR evidentiary hearing, counsel made this point clear. (*See* ECF 19-6 at 4-5). Thus, Petitioner fails to show that the state court's decision with respect to counsel failing to investigate the witnesses about Petitioner's physical condition was either an unreasonable application of clearly established federal law and/or based on an unreasonable determination of the facts as this information was already known to counsel such that further investigation was unnecessary. Accordingly, Petitioner is not entitled to habeas relief on Ground One.

B. Ground Two

In Ground Two, Petitioner claims his guilty plea was not knowing, voluntary and informed because he was not given all the consequence of plea. More specifically, Petitioner

claims he was never informed about the civil commitment aspect of his plea. The last reasoned decision on this claim was also from the Appellate Division during Petitioner's PCR proceedings which analyzed this claim as follows:

> When defendant pled guilty, he expressly affirmed that he understood that he could be civilly committed for up to life if, after a hearing, the court found that defendant was in need of involuntary civil commitment. That risk was disclosed both in the plea forms and in the colloquy with the plea judge. Moreover, at the PCR hearing, defendant's trial counsel testified that he discussed the possibility of civil commitment with defendant and that defendant affirmed that he understood that possibility. The PCR judge found that testimony to be credible. We discern no basis to disturb the judge's credibility determination. See State v. Nash, 212 N.J. 518, 540 (2013) (recognizing the deference due to a credibility finding made by a PCR judge after a hearing).
> . . . .
> he [also] claims that counsel failed to inform him of the possibility of civil commitment. We have already upheld the PCR judge's finding that defendant was informed of the possibility of civil commitment and, thus, that claim fails.

*Yasuk*, 2017 WL 4558262, at *2, 3.

The denial of this claim in state court was neither contrary to nor an unreasonable application of clearly established federal law nor was the decision based on an unreasonable determination of the facts. As the Appellate Division noted, Petitioner was made aware of the possibility of civil commitment prior to pleading guilty. First, counsel testified at the PCR hearing that he made Petitioner aware of the possibility of civil commitment. (*See* ECF 19-6 at 17-18). The state courts found Petitioner's former counsel credible. This Court finds no reason to disturb that finding as Petitioner fails to do so by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Furthermore, Petitioner's signed supplemental plea form indicated that he understood he could potentially face civil commitment for life. (*See* ECF 19-8 at 25). Finally, Petitioner's plea colloquy indicated his counsel told him he could serve additional time under civil commitment and that Petitioner understood this aspect of his plea. (*See* ECF 19-3 at 8). It is not

9

surprising that the state courts found Petitioner's former counsel more credible regarding this claim given Petitioner's statements in open court that he understood the civil commitment aspect of his plea. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (noting solemn declarations in open court carry a strong presumption of verity). Accordingly, Petitioner is not entitled to habeas relief on Ground Two.

V.     **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This Court finds that a certificate of appealability shall not issue on Grounds One and Two denied in this opinion as well as Ground Three which was previously denied by this Court in a previous opinion and order.

VI.    **CONCLUSION**

For the foregoing reasons, Petitioner's amended habeas petition is denied. A certificate of appealability shall not issue. An appropriate order will be entered.


                                                   s/*Peter G. Sheridan*
                                                 PETER G. SHERIDAN, U.S.D.J.